```
 1
 2
 3
 4                IN THE UNITED STATES DISTRICT COURT
 5              FOR THE EASTERN DISTRICT OF CALIFORNIA
 6
 7  ELLIOT STENNES,                    )   2:09-cv-02753-GEB-KJM
                                       )
 8              Plaintiff,             )   ORDER DISMISSING FEDERAL
                                       )   CLAIMS AND REMANDING CASE
 9         v.                          )
                                       )
10  AMERICA'S SERVICING COMPANY, and   )
    DOES 1 to 10,                      )
11                                     )
                Defendants.            )
12                                     )
```

When evaluating the amount of sanction to impose on Plaintiff's counsel because of his failure to respond to an Order to Show Cause ("OSC"), and when deciding whether he should be issued another OSC because of his failure to respond to yet another order, the Court discovered that the federal claims in Plaintiff's First Amended Complaint ("FAC") are insufficient under applicable federal pleading standards.

This case was removed from the Superior Court of the State of California in the County of Shasta, premised on the existence of federal question jurisdiction. The removal petition argues that the following federal claims are in Plaintiff's FAC: a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and a claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2614. Plaintiff's FAC also contains various state law claims.

1           Defendant filed a motion to dismiss Plaintiff's FAC on
2    February 11, 2010, under Federal Rule of Civil Procedure 12(b)(6), to
3    which Plaintiff's response is not yet due.  However, since it is
4    evident that Plaintiff fails to state actionable federal claims,
5    Plaintiff's federal claims will be dismissed.
6           A Rule 12(b)(6) motion concerns "a complaint's compliance
7    with . . . pleading requirements."  Champlaie v. BAC Home Loans
8    Servicing, LP, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D.
9    Cal. Oct. 22, 2009).  A pleading must contain "a short and plain
10   statement of the claim showing that the pleader is entitled to relief
11   . . . ."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the
12   defendant fair notice of what the [plaintiff's] claim is and the
13   grounds upon which relief rests . . . ."  Bell Atlantic Corp. v.
14   Twombly, 550 U.S. 544, 555 (2007).  Further, "[a] pleading that offers
15   labels and conclusions or a formulaic recitation of the elements of a
16   cause of action will not do.  Nor does a complaint suffice if it
17   tenders naked assertions devoid of further factual enhancement."
18   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
19          To avoid dismissal, the plaintiff must allege "only enough
20   facts to state a claim to relief that is plausible on its face."
21   Twombly, 550 U.S. at 547.  "A claim has facial plausibility when the
22   plaintiff pleads factual content that allows the court to draw the
23   reasonable inference that the defendant is liable for the misconduct
24   alleged."  Iqbal, 129 S. Ct. at 1949.  Plausibility, however, requires
25   more than "a sheer possibility that a defendant has acted unlawfully."
26   Id.  "When a complaint pleads facts that are merely consistent with a
27   defendant's liability, it stops short of the line between possibility
28

1  and plausibility of entitlement to relief." Id. (quotations and
2  citation omitted).
3      In evaluating a dismissal motion under Rule 12(b)(6), the
4  court "accept[s] as true all facts alleged in the complaint, and
5  draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd
6  v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither
7  conclusory statements nor legal conclusions are entitled to a
8  presumption of truth. See Iqbal, 129 S. Ct. at 1949-50.
9      Plaintiff's TILA and RESPA claims are comprised of
10 conclusory statements and legal conclusions that are not entitled to a
11 presumption of truth. See Iqbal, 129 S. Ct. at 1949-50. Therefore,
12 these claims are dismissed.
13     Since Plaintiff's FAC no longer contains a federal claim,
14 the Court may sua sponte decide whether to continue exercising
15 supplemental jurisdiction over Plaintiff's state law claims. See Acri
16 v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).
17 Under 28 U.S.C. § 1367(c)(3), a district court "may decline to
18 exercise supplemental jurisdiction over a [state] claim" if "all
19 claims over which it has original jurisdiction" have been dismissed.
20 "While discretion to decline to exercise supplemental jurisdiction
21 over state law claims is triggered by the presence of one of the
22 conditions in § 1367(c), it is informed by the [United Mine Workers v.
23 Gibbs,383 U.S. 715, 726 (1966),] values of economy, convenience,
24 fairness and comity." Acri, 114 F.3d at 1001 (Quotations omitted).
25 "Since state courts have the primary responsibility to develop and
26 apply state law," comity does not favor continued exercise of
27 supplemental jurisdiction over Plaintiff's state claims. Anderson v.
28 Countrywide Financial, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at

*5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)).

Nor are the factors of economy and convenience served by exercising supplemental jurisdiction. With regard to economy, this case was just removed on October 10, 2009, and before this dismissal order issued, the court was unsuccessful in its two efforts to hold a status conference. This is because Plaintiff failed to respond to two court orders. Convenience also appears to favor declining exercise of supplemental jurisdiction since the case was removed from the Superior Court in the County of Shasta; however, it is recognized that defense counsel is located in the Central District of California and would have to travel further north in the state for appearances at court proceedings. Since the balance of Gibbs values does not favor continued exercise of supplemental jurisdiction over Plaintiff's state claims, this case is remanded to the Superior Court of the State of California in the County of Shasta.

Dated: March 25, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge